Thank you, Your Honor, and good morning. My name is Dori Zavala, and I represent the petitioner in this case, Roberto Duran-Galaviz. As background, this is an appeal from the Board of Immigration Appeals. Mr. Duran applied for relief in removal proceedings under 240a)(b, cancellation of removal for non-lawful permanent residents. He stated before the immigration judge on his 42b cancellation application that in 1991 he pled guilty to possession of drugs and spent approximately one year in jail. His counsel at that time stated on the record that they tried to get the conviction documents and could not. The government attorney did not produce any documents at all before the immigration judge. The government attorney said that biometrics were clear and never mentioned any conviction until after Mr. Duran testified. Then the government attorney said that a hit appeared on his FBI report, but it showed as resolved. The government said on the FBI fingerprint results. And the government attorney said that those results showed that the hit had been resolved. The government stated on the record then that the FBI fingerprint report showed a felony drug offense with 270 days in jail, but no statute was specified, no court or State was specified, and no document was introduced into the record. Kennedy, counsel, didn't Mr. Duran Galavis testify that he had been convicted for possession of crack cocaine? Yes, he did, Your Honor. He stated it on his 42b application. He testified that in 1991 he was he pled guilty that it was crack cocaine. Yes. He did admit that in testimony. And then the government did not produce any documents, but did say that the FBI fingerprint report showed this hit that had been resolved. Doesn't that shift the burden of proof to show that this is not an aggravated felony or controlled substance to Mr. Duran Galavis? Well, Your Honor, I believe that that's actually the central question that we have here. And what we're looking at You dealt with that in Young v. Holder. How is that different? I actually believe that this is not exactly Young v. Holder because I believe it's the burden-shifting portion of the regulation that we're talking about. So under the regulation, which is 8 CFR 1240.8d, the regulation states that if the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by preponderance of the evidence that such grounds do not apply. So the plain language of the regulation says if the evidence indicates. So here the central question is what constitutes evidence under the regulation that would then shift the burden to the alien. The admission of a party litigant is not evidence? I apologize? The admission of a party litigant is not evidence? Well, Your Honor, there is actually Ninth Circuit case law that indicates that testimonial evidence cannot be used to prove a conviction. But is there a need to prove a conviction? I mean, my understanding is that your client conceded removability. He's trying to get out from under that. Isn't that what shifts the burden? Removability is not the question. His ability or his eligibility for relief is the question. I would agree with that. And actually, in this case, he did not concede removability. In this case, he was charged with removability as an alien present without admission, and there were admissions in the record regarding that. So he had entered without status. So this is regarding not the removability portion, but regarding the affirmative application for relief. He admitted removability. The removability in this case wasn't really a question, because that was not charged on the notice to appear. So he was not charged. Wait a minute. There has to be a ground. Either he can be the standard practice, and I thought I recalled reading it, and I'll look for what the I.J. recites, but the standard practice cases as we give them, the party has conceded removability. He's trying to demonstrate eligibility and qualify for, in this case, cancellation of removal. Now, is that the case here or not? Did he concede removability? Yes, I agree that he conceded removability, but not on the grounds of the conviction. He conceded removability on the grounds of being here unlawfully. I didn't ask on what grounds, so at least we're on common ground now. He conceded removability. And the question I'm trying to pose to you is that isn't that what causes the shifting of the burden? That is, he's conceded removability, he's trying to demonstrate that he's eligible for cancellation. Isn't that why the burden falls on him? Well, I believe if we look at the plain language of the regulation, it says if the evidence indicates that one or more of the grounds for mandatory denial applies. So here the mandatory denial that the I.J. found was the conviction. So under the regulation, the plain language requires that there be some sort of evidence. So what we're looking at here is let's say, for example, the government had a fingerprint report and there was a mistake on that fingerprint report, and it said that there was a conviction, and if the government said, well, we believe that there might be a conviction with no documents whatsoever presented into the record, then that would make the alien – that would then shift the burden to the alien without having any sort of record or any sort of documents in the record to shift that burden to him to prove a negative. And this is where we go into the Supreme Court's recent decision in Moncrief. And basically – and this doesn't go necessarily to the burden of proof that's in Young, but Moncrief talks about the categorical analysis and the policy reasons for the categorical analysis when it relates to a conviction. And that's – But our decision in Young adhered to the categorical approach. It did, absolutely. So how is Moncrief inconsistent with that? No, I don't think that it is consistent, and I don't think that this Court even needs to get to that portion, because what we're talking about is the burden-shifting portion of the regulations. So if any evidence at all in the record was able to use to shift the burden to the alien to prove a negative, we would have inconsistent results, we would have the many trials that were discussed in Moncrief. It puts the burden on an alien to prove that he has no conviction when there's nothing in the record to show that there was a conviction at all. Well, nothing is not quite – he's admitted to being convicted of possession of crack cocaine. You're saying that that is not evidence. I'm saying – I want you to tell me the case that says that. Yes. I'm saying that this – I will. But I'm saying that this was a 16-year-old – Would you tell me the case right now? Oh, sure. It is Tocatli v. Ashcroft, Huerta v. Guevara. And then there's a BIA case which is Matter of Pichardo v. Soufriere. My inference is that those are cases where the government was trying to prove up removability in the first instance, where the burden is on the government. And I'll accept as a proposition that testimony, in this case the testimony of a client, wouldn't be enough to establish removability by carrying convincing evidence, so on and so forth. The problem here is that under Young, the burden for proving eligible – and under the regulations, the burden for proving eligibility for cancellation falls on your client. And so to say, well, the government can't reprove its case, misses the point. How does your client establish that he is, in fact, is eligible, particularly in the face of his own testimony, that he's got this conviction? Well, Your Honor, our argument is that under the regulations, it doesn't – the burden doesn't shift to him until there is some evidence in the record. And testimonial evidence cannot be used to prove a conviction. The government did not provide any judicially noticeable documents. So our argument is that there's policy standards for this. There's equality. It's a hardship on the immigrant to expect them to get judicially noticeable documents to prove a negative. Sometimes they're detained. Oftentimes there's fees involved with these court records. And it could be based on just anything that's asserted by the government. There are other cases where the government is trying to prove eligible, but it's not going to work. And I realize, Your Honor, I was – I mean, I – why is – what more is required? I mean, if the burden is on him, it should be on him to show that he was mistaken. Well, and, Your Honor, I don't believe the burden had shifted to him yet, because there was no evidence on the record. And going back to his testimony, this was a 16-year-old conviction from somebody who didn't even speak English at the time that it occurred. It could have been later expunged under the Federal First Defenders Act. It could have been a JRAD, which was very common in the early 90s in California. And he could have obtained that evidence if it existed. Well, but that's the question, is whether there was enough evidence in the record to even shift that burden to him. Should there be some judicially noticeable document of a conviction, or are we going to require all aliens to prove a negative, that they have no conviction when there's an assertion by the government that there is some conviction? Okay. And just to wrap up, as discussed in Moncrief, and actually this goes to Young v. Holder. In Young v. Holder, the Shepherd application was required on both sides. It was required for the government, and it was also required for the alien, the burden of proof. So I would submit that the Shepherd should also apply to the evidence required under 8 CFR 1240.8d before shifting the burden to the alien. Thank you. May it please the Court. Excuse me. My name is Edward Wiggers, and I represent the Respondent in this matter. In order to establish that he was eligible for cancellation of removal, Petitioner had to submit judicially noticeable documents that established he did not have a disqualifying conviction. He failed to do so and, therefore, failed to carry his burden of proof. What about Ms. Zavala's point that the burden of proof hadn't shifted to him under the regulation because there was no evidence admissible on this issue, that he had indeed been convicted of crack cocaine possession because his admission in his application and in testimony that he had been convicted is not evidence? Your Honor, actually, there isn't a burden shift here because the statute specifically assigns the burden to the applicant for relief to demonstrate that there's no conviction. So he started with the burden of proof. And under Young, he had to submit judicially noticeable documents. And actually, under the case, he started at what point? I mean, if you go to the very beginning of the proceeding, the burden is on the government to establish by clear and convincing evidence that he's removable. Yes, Your Honor. So at that so at what point do you say that the burden starts with the alien? Once removability is established and you move into the relief phase of the proceedings, when the alien is seeking some form of relief, the alien carries the burden of establishing the eligibility for that relief. For cancellation of removal, that includes demonstrating one does not have a disqualifying offense. Can I ask you, you went to the trouble of getting the FBI, whatever sheet they call it, I've forgotten. Why didn't you take an additional step and get the judgment of conviction? Your Honor, the best answer I have is the DHS felt it was not necessary since they had removability established. Well, they thought it was necessary to get the FBI fingerprint records, so they must have thought they had to do something. They have to run fingerprints for anyone who's applying for relief, Your Honor. So that was done as a matter of course. Biometrics have to be done when there are relief applications. I believe he says, although we have three immigration cases on this morning, I'm trying to keep him straight, but I believe he says he couldn't find any records. Yes, Your Honor. What is he supposed to do? Who's in the best position to find the official record? Well, Your Honor, I would submit that the petitioner actually is in the best position because the petitioner was the one who was involved in the criminal proceedings. Petitioner knows where his criminal proceedings took place and knows to which court to go to find those records, and there appeared to be some either lack of communication or misunderstanding in the record because petitioner's counsel was discussing variously courts in Los Angeles or San Bernardino is where the conviction took place. If petitioner can't keep track of where he's been convicted in order to obtain his records, then that's on him. He's got to be able to meet his burden of proof for cancellation or any other form of relief. Could he have met his burden of proof had this been the fact by saying I've never been convicted of a crime? He possibly could, Your Honor, if there weren't any evidence of a crime that came to light. They would still run his biometrics. The FBI report would have come up. Mr. Valle says that the admission in the application and in testimony does not constitute evidence for the regulation involved. It has to be documents of conviction under Taylor. Yes, Your Honor. What's your point? How do you respond to that? I submit, Your Honor, that under Young, it has to be judicially noticeable documents. Petitioner has the burden of obtaining and submitting. Well, yes, but I think your point was the burden doesn't shift to him until there's some evidence that he was convicted of a crime and his admission is not that evidence. Your Honor, my point was that petitioner started with that burden once he filed his application for relief. He had to submit those documents at that point. But the question was had he not been honest and had he said I have no prior convictions, then you would have gotten this FBI biometric, I think you call it. Yes, Your Honor. Which, as I understand it, wasn't actually formally admitted and was not relied on because of some defect. You would have then had to have gone to look. I assume you would have looked for the official records. Well, at that point, Your Honor, under the regulation, there would have been some evidence at the proceedings. Now, as far as whether the immigration judge relied on the FBI report, the immigration judge also had the notation on the cancellation application that said petitioner had been convicted of a drug offense. So they were starting from the point where the petitioner had already stated there was one, so there wasn't a need. I know, but the assumption of my question is that they had never made those admissions. Yes, Your Honor. The FBI report would have come in at that point. I don't know how DHS would have proceeded from that point, but once the FBI report came in, the immigration judge would have been in a position to put petitioner on notice that he needs to get these documents in order to pursue his cancellation application. Petitioner's 28-J letter informs us that in some case a panel of our court, Almanza Arenas v. Holder, a panel of our court has asked for supplemental briefing in connection with the relationship or whether Moncrief undermined the en banc decision in Young. I don't know whether you know from your office, which is involved in all of these cases, I suspect there are a good number of cases that potentially raise that question. Do you know of any other cases in which our court has expressed an interest or asked for briefing on that subject? I'm not aware of any other, Your Honor. And I am aware of a letter brief that we have prepared, if not already filed, for Almanza Arenas' case. And the Almanza Arenas' case is significant, Your Honor, because it's a published board decision on the burdens of proof. So I can understand where the court would be especially sensitive in that situation when addressing a precedential decision from the board. But as far as any other case where the court has requested briefing on Moncrief, I'm not aware of any. We have our own method for determining which panel in which case has priority in resolving an issue like that. And I suspect it's not this panel. But I guess what I'm searching for, and I think you've given me the answer, but so everybody will understand, I'm trying to figure out is there a point in our asking for briefing on that subject? I'm sort of answering my own question, no, because it sounds like the question is going to be addressed in that other case. So to the extent that it's an issue in this case, we'll simply wait. I believe the other case would address it fully, Your Honor. However, a couple of points on Moncrief. Moncrief was removability. And in the Moncrief decision, the Supreme Court first addressed that the plea agreement established the nature of the petitioner's conviction. So basically the way it works is you have the establishment of the conviction as the initial question, which is a factual question based on the conviction documents involving the burdens of proof. That was not what the Supreme Court addressed in Moncrief. And then you have the legal question of whether the established conviction is a disqualifying offense or not in our scenario or is a ground for removability in the Moncrief scenario. So the Supreme Court did not actually touch upon the issue in this case. It also had no occasion to address the statutory assignment of the burden of proof to an alien seeking a form of relief to include cancellation. So really Moncrief has no bearing here. Subject to any further questions from the Court, that concludes our presentation. Roberts. I see none, so thank you. Thank you, Your Honor. Zavala for rebuttal. Thank you. And I would just briefly don't have a whole lot of time yet. So I did want to discuss one case that I believe is very relevant, which is S. Young v. Holder. S. Young v. Holder is still good Ninth Circuit case law. And it was a very similar situation. That involved a cancellation for removal? Yes. Well, this one I believe was removal, but there is one that was for cancellation of removal. That was in 2010. Let me get back to that one. And that was Esquivel-Garcia. And that was in 2010. And so it was post real ID, and the Ninth Circuit applied a categorical and modified categorical analysis to an application for 42B cancellation of removal, and they assumed that the government had the burden of going forward to prove the conviction. Thank you. We thank both counsel for the arguments. The case just argued is submitted.
judges: Korman, Clifton, Bea